IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TYCE BONJORNO, | § | NO. 1:25-CV-01953-DAE |
| *Plaintiff*, | § | |
| v. | § | |
| RUSH COUNTY, KANSAS, *et al*., | § | |
| *Defendants*. | § | |

ORDER

Before the Court is Plaintiff Tyce Bonjorno's ("Plaintiff" or "Bonjorno") Motion to Alter or Amend Judgment Pursuant to Rule 59(e). (Dkt. # 38.) Also before the Court are: (1) Plaintiff's Notice of Defendants' Non-Response and Omnibus Motion for Entry of Order Granting Unopposed Rule 59(e) (Dkt. # 39); (2) Defendants Bill Keeley and Taylor Stejskal's Opposed Motions for Extension of Time to File Response/Reply (Dkts. ## 42; 45); Plaintiff's Emergency Motion to Expedite Pending Rule 59(e) Motion (Dkt. # 48); Plaintiff's Motion for Mandatory Judicial Notice under Federal Rule of Evidence 201 (Dkt. # 53); and Plaintiff's Notice of Supplemental Authority (Dkt. # 54).

The Court finds these matters suitable for disposition without a hearing. After careful consideration of the filings and relevant case law, the Court, for the following reasons, **DENIES** Plaintiff's Motion to Alter or Amend

Judgment. (Dkt. # 38.) Accordingly, the Court **DENIES AS MOOT** all other pending Motions. (Dkts. ## 39; 42; 45; 48; 53.)

## BACKGROUND

The Court incorporates by reference the background as recited in its Order Granting Defendants' Motions to Dismiss. (Dkt. # 37 at 1–4); see also Bonjorno v. Rush Cnty., No. 6:25-CV-01163-HLT-GEB, 2025 WL 2374144, at *1–2 (D. Kan. Aug. 14, 2025) (recounting previous lawsuits Plaintiff has filed pertaining to the family law dispute involving Kansas officials like the one he has brought against Defendants here).

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration . . . ." St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). Such a motion, however, may be considered under Rule 54(b), which permits courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment." Fed. R. Civ. P. 54(b); see Tool Dev., Inc. v. Nat'l Semiconductor Corp., 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (holding that under Rule 54(b), a court retains the power to revise an interlocutory order before entry of a final judgment). "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any

interlocutory order 'for any reason it deems sufficient.'" United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013) (quoting Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 210–11 (5th Cir. 2010)).

On the other hand, "[a] Rule 59(e) motion calls into question the correctness of a judgment." Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004).[1] "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479; see also Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co., 542 F.3d 1053, 1058 (5th Cir. 2008). The Court must balance two competing interests in ruling on a motion to reconsider: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479. Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." Id. at 478–79.

[1] In Templet, the Fifth Circuit affirmed a district court's application of Rule 59(e) to a motion to reconsider its grant of summary judgment. 367 F.3d at 481.

## DISCUSSION

The Court's prior Order (Dkt. # 37) is a final order because it dismissed Plaintiff's Complaint for lack of personal jurisdiction. See Ritzen Grp., Inc. v. Jackson Masonry, LLC, 589 U.S. 35, 45 (2020) ("Orders denying a plaintiff the opportunity to seek relief in its preferred forum often qualify as final and immediately appealable, though they leave the plaintiff free to sue elsewhere. Notably, dismissal for want of personal jurisdiction ranks as a final decision."). Accordingly, Rule 59(e) applies.

Bonjorno does not identify any intervening change of law. (See Dkt. # 38.) Nor does he claim the existence of new evidence previously unavailable to him. (See id.) Thus, the only ground for reconsideration is the need to correct an allegedly manifest error of law or fact. See Demahy, 702 F.3d at 182. *Inter alia*, Plaintiff urges reconsideration is necessary because the Court erred in reaching a determination it lacked jurisdiction. (See Dkt. # 38.) However, the arguments that Plaintiff lodges in his Motion on this point (and other miscellaneous points) are without merit. (See id.)

As Plaintiff identifies in one of his subsequent filings, the United States District Court for the District of Kansas had adjudicated similar claims before he filed this case. (Dkt. # 53 at 8); see Bonjorno 2025 WL 2374144, at *6. To the extent that Bonjorno attempts to assert the same claims from the action filed

in the District of Kansas, *res judicata* bars those claims' reassertion in other federal courts like this one. See Portillo v. Cunningham, 872 F.3d 728, 736 (5th Cir. 2017). Notably, the court in the prior action *possessed* personal jurisdiction over all Kansas defendants, so it could reach the merits of Plaintiff's claims for which various immunities did not apply. Like that court, this "Court is sympathetic to the stress that the adjudication of his parental rights has undoubtedly placed on Bonjorno. And the Court is sensitive to the difficulties inherent in litigating in federal court absent legal counsel or legal education." Bonjorno 2025 WL 2374144, at *5.

Because this Court lacks personal jurisdiction, however, it cannot reach the merits of any claim Plaintiff pleads here. See Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, 484–85 (5th Cir. 2008) (finding no specific personal jurisdiction over an out of state official where "the totality of [the official]'s contacts with Texas involves a cease and desist order and correspondence with [plaintiff]," and reasoning that "[a]lthough the [official] has 'reached out' to assert her authority over [plaintiff]'s Arizona-related business activities, she has not 'purposefully availed' herself of the benefits of Texas law like someone actually doing business' in Texas" (citation modified)). Nothing in Plaintiff's filings

changes the Court's analysis from its prior Order.[2] (Cf. Dkt. # 37 at 10–14.) The Court remains without personal jurisdiction over any of the Defendants.

Furthermore, like the federal district court in Kansas, this Court observes that Bonjorno's "habits are abusive and consuming massive amounts of judicial resources. The Court expressly cautions him that future lawsuits bringing more claims stemming from the same state-court case may subject him to sanctions up to and including dismissal and filing restrictions." Bonjorno, 2025 WL 2374144, at *6 (emphasis in original)). This Court issues the same warning to Bonjorno here.

CONCLUSION

Plaintiff's Motion to Alter or Amend Judgment is **DENIED**. (Dkt. # 38.) All other pending Motions are **DENIED AS MOOT**. (Dkts. ## 39; 42; 45; 48; 53.) The case shall remain **CLOSED**. The Court will not consider any further filings from Plaintiff in this case. Plaintiff has thirty days to file an appeal with the United States Court of Appeals for the Fifth Circuit. See Fed. R. App. P. 4.

---

[2] To the contrary, Plaintiff's identification of the prior action from the U.S. District Court for the District of Kansas indicates that he could not litigate the same claims from that action in the instant action. (See Dkt. # 53 (identifying the prior action)); cf. Portillo, 872 F.3d at 736.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, November 16, 2026.

__________________________________
David Alan Ezra
Senior United States District Judge